IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XCENTRIC VENTURES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ELIZABETH ARDEN D/B/A COMPLAINTSBOARD.COM, et al.,<br><br>    Defendant.<br>                                        / | No. C 10-80058 SI<br><br>**ORDER GRANTING WRIT OF EXECUTION; GRANTING MOTION FOR LEAVE TO FILE A SURREPLY AND REQUEST FOR JUDICIAL NOTICE; AND ORDERING OPTIONAL SUPPLEMENTAL BRIEFING ON THE QUESTION OF COSTS** |

On September 17, 2010, the Court heard argument on plaintiff's motion for a writ of execution. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS plaintiff's motion. The Court GRANTS defendant's motion for leave to file a surreply and request for judicial notice. The Court also orders optional, supplemental briefing on the question of costs. At such time as the Court resolves the question of costs, the clerk is authorized to issue a writ of execution in any and all names of the judgment debtor as attested to in the affidavit of identity.

**BACKGROUND**

Plaintiff Xcentric Ventures, LLC, an Arizona limited liability company, operates a consumer complaint and free speech web forum located at www.RipoffReport.com ("Rip-off Report"). Rip-off Report is alleged to be widely used by the public and works in concert with government agencies, attorneys general, and other federal, state and local law enforcement agencies to help report, identify and prevent consumer fraud. Compl. ¶ 6. Defendant ComplaintsBoard.com ("ComplaintsBoard" or "Defendant") is a corporation of unsubstantiated origin, allegedly based in Latvia, and is Xcentric

1  Ventures' competitor.[1]  Defendant operates www.complaintsboard.com, which allegedly performs a
2  function substantially similar to that of plaintiff's website.  *See* Compl. ¶¶ 20-22.

3  In December 2008, Xcentric filed a lawsuit against ComplaintsBoard in the U.S. District Court
4  for the District of Arizona.  The complaint alleged that since at least November 2008, defendant had
5  copied, and continued to copy, plaintiff's registered trademark "RIP-OFF REPORT" as well as large
6  quantities of copyrighted material from Rip-off Report without plaintiff's permission or consent.
7  Compl. ¶¶ 23-24.  Plaintiff claimed that defendant's alleged unlawful use of plaintiff's trademarks and
8  copyrighted materials caused substantial confusion among consumers "who have been misled into
9  believing that Plaintiff is the owner and/or operator" of the ComplaintsBoard website.  Compl. ¶ 25.

10  In October 2009, the District of Arizona entered default judgment in favor of plaintiff, awarding
11  plaintiff $60,000 in monetary damages as well as injunctive relief and attorney's fees.  In March 2010,
12  plaintiff registered the default judgment in the Northern District of California.  Defendant filed a motion
13  to vacate the default judgment issued by the District of Arizona for lack of personal jurisdiction in May
14  2010, which the Court denied.  In August, plaintiff filed a memorandum of costs, claiming an additional
15  $77,608 in attorneys fees and investigation fees incurred while attempting to execute the judgment.
16  The memorandum included a description of the costs claimed and stated their amount.  Plaintiff's
17  attorney signed the memorandum under penalty of perjury, attesting that the costs claimed were correct,
18  reasonable, necessary, and had not been satisfied.  Plaintiff also filed an affidavit of identity intended
19  to show that www.complaintsboard.com belongs to defendant, even though it is currently registered to
20  an entity that is not named in the underlying judgment.  Although the underlying judgement is against
21  Elizabeth Arden d/b/a Complaintsboard.com only, plaintiff states that the judgment debtor is known as
22  Complaintsboard.com, Sergey Kudrjavcev, March Shultz (also spelled Mark Schultz), and Business
23  Networks Ltd. as well.

24  Currently before the court is plaintiff's motion for a writ of execution, which was filed
25  simultaneously with the memorandum of costs and affidavit of identity.  Also before the Court are
26  defendant's motion for leave to file a request for judicial notice and a surreply, as well as a request by

---

[1] The domain name was registered to an "Elizabeth Arden" at some point, though it is unclear whether or not this a real person.

2

defendant to strike plaintiff's memorandum of costs.

## LEGAL STANDARD

**1.     Writ of Execution**

The execution of money judgments should accord with the procedures of the state where the court is located. Fed. R. Civ. P. 69(a)(1). Section 699.510 of the California Code of Civil Procedure sets the parameters for the issuance of writs of execution in the State of California. A clerk of court may issue a writ of execution. Cal. Civ. Pro. § 699.510(a). If the judgement creditor believes that a judgment debtor is known by any names that are not listed in the judgment, then it must submit an affidavit of identity before those names can be included on the writ of execution. If the court determines that the affidavit of identity states sufficient facts identifying additional names of the judgment debtor, the court is to authorize the issuance of the writ of execution with those names. The clerk may then issue a writ that includes those additional names. *Id.* § 699.510(c)(1); *see also id.* at § 680.135 (defining affidavit of identity).

Under California law, a domain name is intangible property subject to a writ of execution. *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701–02. (9th Cir. 2010); *see also* Cal. Civ. Pro. § 695.010(a). A writ of execution provides authority for a levy to be made in the county where the writ is issued. Cal. Civ. Pro. § 699.510(a). California law does not require a judgment creditor to show that the judgment debtor owns property within a court's jurisdiction before that court issues a writ of execution, though practically speaking the judgment creditor may have difficulty levying property located elsewhere.

**2.     Costs to Enforce the Judgment**

In California, a judgment creditor may claim certain costs associated with the enforcement of a judgment. Some of those costs are authorized as of right, while others may be granted on a discretionary basis. Cal. Prac. Guide Enf. J. & Debt Ch. 6A-5(c)(2). Costs available as of right are listed in Section 685.070(a) of the California Code of Civil Procedure, and a judgment creditor may claim them by filing a memorandum of costs. *Id.* Courts are also authorized to award other "reasonable

3

and necessary costs," though a judgment creditor must file a noticed motion to request them. *Id.*; *see also* Cal. Civ. Pro. §§ 685.040, 685.080. Both a memorandum of costs and a motion to claim costs must be accompanied by an attestation that the costs are correct, reasonable, necessary, and have not been satisfied. Cal. Civ. Pro. §§ 685.070, 685.080.

If a judgment creditor files a memorandum of costs pursuant to Section 685.070, the judgment debtor has 10 days after being served with a memorandum of costs to object by filing a noticed motion to have the costs taxed by the court. *Id.* § 685.070(c). Where service is mailed from an address outside California to an address inside California, the judgment debtor has an additional 10 days to object. *Id.* §§ 685.070(f), 1013(a). If the judgment debtor fails to file such a motion in time, the costs claimed in the memorandum are allowed. *Id.* § 685.070(d). If the judgment debtor files a timely motion, or if the judgment creditor files a motion for costs rather than a memorandum, the court is directed to "make an order allowing or disallowing the costs to the extent justified under the circumstances of the case." *Id.* §§ 685.070(c), 685.080(c).

The judgement creditor is entitled to attorney's fees incurred while enforcing a judgment, as long as those fees are permitted by statute or contract. *Id.* § 685.040. Those attorney's fees are available as of right, and may be claimed either by motion or memorandum. *See id.* §§ 685.070, 685.080. The Copyright Act authorizes a court to "award a reasonable attorney's fee to the prevailing party" in a copyright action "as part of the costs." 17 U.S.C. § 505.

Investigative fees are not available as of right, though a court may award them where they are justified. Cal. Civ. Pro. § 685.080.

**DISCUSSION**

**1.    Writ of Execution**

Unable to collect on the judgment to date, plaintiff has filed this motion for a writ of execution so that it can levy upon the domain name www.complaintsboard.com. Defendant argues that the Court does not have authority to issue the writ of execution, because the domain name is actually located in Dulles, Virginia. Defendant has not challenged plaintiff's affidavit of identity.

As explained above, the location of the domain name is immaterial at this time.[2] What is important is that plaintiff has filed a proper affidavit of identity, which the Court has determined states sufficient facts to permit a writ of execution to be issued with the names Complaintsboard.com, Sergey Kudrjavcev, March Shultz (also spelled Mark Schultz), and Business Networks Ltd. The Court authorizes the clerk to issue a writ of execution after the Court has resolved the cost issue, as discussed below.

**2.     Costs to enforce the judgment**

It appears that plaintiff has incurred significant costs while attempting to collect on the underlying judgment. Defendant argues that plaintiff is not entitled to those costs on two grounds. First, defendant argues that plaintiff is not entitled to any attorney's fees. Second, defendant argues that plaintiff should have filed a motion to claim the investigative fees rather than a memorandum of costs. Plaintiff responds that the Copyright Act entitles it to attorney's fees, and that defendant should have filed a motion objecting to the memorandum rather than merely stating its objections in its papers opposing plaintiff's motion for a writ of execution. Defendant asks the court to overlook the form of its objection, noting that it was timely stated.

The California Code of Civil Procedure and the U.S. Copyright Act clearly entitle plaintiff to collect the attorney's fees it has incurred while attempting to collect the judgment. Those costs are allowed.

More complicated is the question of investigative fees. Plaintiff cites Section 685.040 of the California Code of Civil Procedure as providing statutory authority for the award. But as defendant points out, unless plaintiff can claim the investigative costs as of right, it is required to request them in a noticed motion. As plaintiff has noted, however, defendant was required to object to the memorandum of costs in a noticed motion as well, rather than in the opposition papers it filed in response to plaintiff's motion for a writ of execution.

Essentially, each party argues that it is in the right because the other party failed to file the proper

---

[2] Therefore, there is not need for the Court to consider defendant's request for judicial notice.

5

motion. However, the Court construes the parties' filings as properly noticed motions. Plaintiff's memorandum was filed simultaneously with its noticed motion for a writ of execution, and contained all of the essential elements of a motion to claim costs. Similarly, defendant's request to strike was timely filed as part of its opposition to plaintiff's noticed motion.

The Court will therefore rule on the motion for costs, in light of the objections. Given the eccentric procedural posture of this question, however, plaintiff has not yet provided the Court with any information explaining the costs: what was done, by whom, how much it cost and why it was necessary. In turn, defendant has not made any substantive objection to the specific costs claimed. If the parties wish to provide this information to inform the Court's decision on this question, they may do so on the following schedule: Plaintiff may file any additional documentation that it wishes to submit in support of its motion for investigative costs by October 8, 2010. Defendant may file an opposition to the motion by October 15, 2010. The Court will take the motion under submission without argument. After the Court rules on the motion to claim costs, the clerk will be authorized to issue the writ of execution.

**IT IS SO ORDERED.**

Dated: October 1, 2010

SUSAN ILLSTON
United States District Judge