IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, | No. C 10-80058 SI |
| Plaintiff, | **ORDER RE: BILL OF COSTS** |
| v. | |
| ELIZABETH ARDEN D/B/A COMPLAINTSBOARD.COM, et al., | |
| Defendants.                            / | |

On October 1, 2010, the Court granted plaintiff's motion for a writ of execution. The Court construed plaintiff's memorandum of costs as a motion for costs, but declined to rule on the motion at that time. Rather, the Court gave plaintiff time to file additional documentation to support its claim for investigative costs, and granted defendant permission to file an opposition to the motion. The Court pointed out that plaintiff had not yet provided the Court with information explaining the costs, such as what was done, by whom, how much it cost, and why it was necessary.

On October 8, plaintiff submitted additional documentation in support of its costs motion. Defendant filed a memorandum in opposition. Plaintiff filed a reply, to which defendant objected as not permitted by the Court's October 1 order.

The Court hereby rules as follows.

**BACKGROUND**

Plaintiff Xcentric Ventures, LLC, an Arizona limited liability company, operates a consumer complaint and free speech web forum located at www.RipoffReport.com ("Rip-off Report"). Rip-off

Report is alleged to be widely used by the public and works in concert with government agencies, attorneys general, and other federal, state and local law enforcement agencies to help report, identify and prevent consumer fraud. Compl. ¶ 6. Defendant ComplaintsBoard.com ("ComplaintsBoard" or "Defendant") is a corporation of unsubstantiated origin, allegedly based in Latvia, and is Xcentric Ventures' competitor.[1] Defendant operates www.complaintsboard.com, which allegedly performs a function substantially similar to that of plaintiff's website. *See* Compl. ¶¶ 20-22.

In December 2008, Xcentric filed a lawsuit against ComplaintsBoard in the U.S. District Court for the District of Arizona. The complaint alleged that since at least November 2008, defendant had copied, and continued to copy, plaintiff's registered trademark "RIP-OFF REPORT" as well as large quantities of copyrighted material from Rip-off Report without plaintiff's permission or consent. Compl. ¶¶ 23-24. Plaintiff claimed that defendant's alleged unlawful use of plaintiff's trademarks and copyrighted materials caused substantial confusion among consumers "who have been misled into believing that Plaintiff is the owner and/or operator" of the ComplaintsBoard website. Compl. ¶ 25.

In October 2009, the District of Arizona entered default judgment in favor of plaintiff, awarding plaintiff $60,000 in monetary damages as well as injunctive relief and attorney's fees. In March 2010, plaintiff registered the default judgment in the Northern District of California. In May 2010, defendant filed a motion in this District to vacate the default judgment issued by the District of Arizona for lack of personal jurisdiction; this Court denied the motion. In August, plaintiff filed a memorandum of costs, claiming an additional $77,608 in attorneys fees and investigation fees incurred while attempting to execute the judgment. The memorandum included a description of the costs claimed and stated their amount. Plaintiff's attorney signed the memorandum under penalty of perjury, attesting that the costs claimed were correct, reasonable, necessary, and had not been satisfied. Plaintiff also filed an affidavit of identity intended to show that www.complaintsboard.com belongs to defendant, even though it is currently registered to an entity that is not named in the underlying judgment. Although the underlying judgement is against Elizabeth Arden d/b/a Complaintsboard.com only, plaintiff states that the judgment debtor is known as Complaintsboard.com, Sergey Kudrjavcev, March Shultz (also spelled Mark

---

[1] The domain name was registered to an "Elizabeth Arden" at some point, though it is unclear whether or not this a real person.

Schultz), and Business Networks Ltd. as well.

## LEGAL STANDARD

In California, a judgment creditor may claim certain costs associated with the enforcement of a judgment. Some of those costs are authorized as of right, while others may be granted on a discretionary basis. Cal. Prac. Guide Enf. J. & Debt Ch. 6A-5(c)(2). Costs available as of right are listed in Section 685.070(a) of the California Code of Civil Procedure, and a judgment creditor may claim them by filing a memorandum of costs. *Id.* Courts are also authorized to award other "reasonable and necessary costs," though a judgment creditor must file a noticed motion to request them. *Id.*; *see also* Cal. Civ. Pro. §§ 685.040, 685.080. Both a memorandum of costs and a motion to claim costs must be accompanied by an attestation that the costs are correct, reasonable, necessary, and have not been satisfied. Cal. Civ. Pro. §§ 685.070, 685.080.

If a judgment creditor files a memorandum of costs pursuant to Section 685.070, the judgment debtor has 10 days after being served with a memorandum of costs to object by filing a noticed motion to have the costs taxed by the court. *Id.* § 685.070(c). Where service is mailed from an address outside California to an address inside California, the judgment debtor has an additional 10 days to object. *Id.* §§ 685.070(f), 1013(a). If the judgment debtor fails to file such a motion in time, the costs claimed in the memorandum are allowed. *Id.* § 685.070(d). If the judgment debtor files a timely motion, or if the judgment creditor files a motion for costs rather than a memorandum, the court is directed to "make an order allowing or disallowing the costs to the extent justified under the circumstances of the case." *Id.* §§ 685.070(c), 685.080(c).

The judgement creditor is entitled to attorney's fees incurred while enforcing a judgment, as long as those fees are permitted by statute or contract. *Id.* § 685.040. Those attorney's fees are available as of right, and may be claimed either by motion or memorandum. *See id.* §§ 685.070, 685.080. The Copyright Act authorizes a court to "award a reasonable attorney's fee to the prevailing party" in a copyright action "as part of the costs." 17 U.S.C. § 505.

Investigative fees are not available as of right, though a court may award them where they are justified. Cal. Civ. Pro. § 685.080.

3

**DISCUSSION**

**I.     Attorney's fees**

Attorney's fees incurred to enforce a judgment are available as of right. The Court already ruled in plaintiff's favor regarding plaintiff's request for $22,608 in attorney's fees. *See* Doc. 20 at 5. Those fees are allowed in full.

**II.    Investigative fees**

The Court may award investigative fees associated with the enforcement of a judgment where they are justified.

Plaintiff provided the Court with almost no documentation relating to the investigative fees. The only document provided was an invoice from a firm called Rexxfield LLC ("Rexxfield") with three items on it. Each item is listed as "Litigation Support Consulting Xcentric Vs. CB." The first item is for 195 hours of service performed "through to May 24 2010." No start date is provided. The second and third items are described as "through to June 24 2010" and "through to July 24 2010" respectively. *See* Doc. 21.

In its affidavit of identity, plaintiff had already provided the Court with information that persuades the Court that an investigation was reasonable and necessary to enforce the judgment. Therefore, the Court finds that some investigative costs are justified given the circumstances of the case.

However, even giving plaintiff the benefit of the doubt that all of the services performed by Rexxfield were associated with plaintiff's investigation of who defendant really is and where defendant's resources are located, the Court has no way to know what portion of the time billed by Rexxfield was devoted to obtaining the original October 2009 judgment and what portion of the time was devoted to enforcing that judgment. Only funds spent on the latter are recoverable under California law. Moreover, the Court is unable to determine what part of the $72,675.00 on the Rexxfield invoice correlates with the $55,000 request on the original Bill of Costs filed in this case. *See* Doc. 10.

The Court finds that, given the evidence before it, and given the circumstances of the case, plaintiff is entitled to $17,100.00 in investigative costs. This number correlates with the amount billed by Rexxfield that can definitively be dated to after the October 2009 judgment.

4

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for costs. Plaintiff is entitled to $22,608.00 in attorney's fees and $17,100.00 in investigative costs. The clerk is now authorized to issue a writ of execution to be levied upon the domain name complaintsboard.com. The total of all postjudgment costs awarded to date is $39,708.00. The writ of execution shall accurately credit defendant for any amount paid to plaintiff before the writ is issued to satisfy the judgment or postjudgment costs.

**IT IS SO ORDERED.**

Dated: December 3, 2010

SUSAN ILLSTON
United States District Judge

5