IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

XCENTRIC VENTURES, LLC,

    Plaintiff,
v.

ELIZABETH ARDEN d/b/a
COMPLAINTSBOARD.COM, et al.

    Defendants.

No. C 10-80058 SI

**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE PERMANENT INJUNCTION; VACATING ORDER GRANTING A WRIT OF EXECUTION**

Plaintiff's motion to enforce a permanent injunction is currently scheduled for hearing on March 4, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion, without prejudice to its renewal in the District Court of Arizona. The Court also FINDS that defendants have satisfied the money judgment against them and VACATES the order granting a writ of execution (doc. 20).

**BACKGROUND**

Plaintiff Xcentric Ventures, LLC ("Xcentric"), an Arizona limited liability company, operates a consumer complaint and free speech web forum located at www.RipoffReport.com. Rip-off Report is alleged to be widely used by the public and works in concert with government agencies, attorneys general, and various law enforcement agencies to help report, identify and prevent consumer fraud. Compl. ¶ 6. Defendant ComplaintsBoard.com ("ComplaintsBoard") is a corporation of unsubstantiated origin, allegedly based in Latvia, and is Xcentric Ventures' competitor.[1] Defendant operates

---

[1] The domain name was registered to an "Elizabeth Arden" at some point, though it is unclear whether or not this a real person.

www.complaintsboard.com, which allegedly performs a function substantially similar to that of plaintiff's website. *See* Compl. ¶¶ 20-22.

In December 2008, Xcentric filed a lawsuit against ComplaintsBoard in the U.S. District Court for the District of Arizona. The complaint alleged that since at least November 2008, defendant had copied, and continued to copy, plaintiff's registered trademark "RIP-OFF REPORT" as well as large quantities of copyrighted material from Rip-off Report without plaintiff's permission or consent. Compl. ¶¶ 23-24. Plaintiff claimed that defendant's alleged unlawful use of plaintiff's trademarks and copyrighted materials caused substantial confusion among consumers "who have been misled into believing that Plaintiff is the owner and/or operator" of the ComplaintsBoard website. Compl. ¶ 25.

In October 2009, the District of Arizona entered default judgment in favor of plaintiff, awarding plaintiff $60,000 in monetary damages as well as injunctive relief and attorney's fees. The judgment included the following permanent injunction:

> IT IS FURTHER ORDERED that Elizabeth Arden, d/b/a ComplaintsBoard.com, and its officers, agents, employees, independent contractors, or other persons acting under its supervision and control or at its request are permanently enjoined from:
> A.  Willfully using without authorization copyrighted material owned by or licensed to any of the following:
>   a. Xcentric Ventures, LLC
>   b. Ripoff Report
>   c. Any customer of Xcentric or Ripoff Report
> B.  Willfully using without authorization the "RIP-OFF REPORT" mark in connection with any consumer complaint website, message board, blog, article, or any other type of publication.
>
> IT IS FURTHER ORDERED directing defendant ComplaintsBoard remove all content that is in violation of the permanent injunction from www.complaintsboard.com. In the event that is not completed within seven (7) days of this judgment, the host of www.complaintsboard.com is directed to terminate services for ComplaintsBoard until such time that ComplaintsBoard removes all infringing content from www.complaintsboard.com and is in compliance with this permanent injunction.
>
> IT IS FURTHER ORDERED that in the event defendant ComplaintsBoard fails to remove the content that is in violation of the permanent injunction from the website www.complaintsboard.com within seven (7) days of this judgment, pursuant to Section 3.b of the Uniform Domain Name Dispute Resolution Police, plaintiff may obtain transfer of the registration from the Domain Name Registrar(s) of the domain names for all websites still containing content in violation of the permanent injunction, including, but not necessarily limited to, www.complainsboard.com.
>
> IT IS FURTHER ORDERED that those domain names transferred to plaintiff

2

pursuant to this judgment shall not be used for any commercial purpose.

IT IS FURTHER ORDERED that this permanent injunction applies to ComplaintsBoard.com regardless of the name or names it uses or goes by or may in the future use or go by.

Judgment (Doc. 1, Ex. A).

In March 2010, plaintiff registered the default judgment in the Northern District of California, apparently so that it could collect on the judgment by levying upon the domain name www.complaintsboard.com, which plaintiff maintains is located within the jurisdiction. In May 2010, defendant filed a motion in this court to vacate, for lack of personal jurisdiction, the default judgment which had been issued by the District of Arizona; this Court denied the motion. In August 2010, plaintiff filed a motion for costs, claiming additional fees incurred while attempting to execute the judgment. Plaintiff also filed a motion for a writ of execution, which the Court granted on October 1, 2010. After further briefing from the parties, the Court ruled on plaintiff's motion for costs on December 3, 2010.

Less then a week later, defendants filed a notice of satisfaction of judgment. In response, the Court issued an Order to Show Cause why the Court should not issue an order acknowledging satisfaction of judgment and vacating its order granting a writ of execution. Plaintiff has since acknowledged that defendants have satisfied the monetary portion of the judgment, mot. at 2, but the Court has not yet taken any action in response. On January 28, 2011, plaintiff filed a motion to enforce the permanent injunction.

**LEGAL ANALYSIS**

An order granting injunctive relief is enforceable by the district court's power of contempt. *See Gunn v. Univ. Comm. to End War in Viet Nam*, 399 U.S. 383, 389 (1970). Sanctions for violations of an injunction are generally administered by the court that issued the injunction. *See Baker by Thomas v. Gen'l Motors Corp.*, 522 U.S. 222, 236 (1998) (citing *Stiller v. Hardman*, 324 F.2d 626 (2d Cir. 1963)); *Dickey v. Bullard*, Civil Action No. 07-0632, 2007 WL 1202449, * 1–* 2 (W.D. La. April 20, 2007); 19 Fed. Proc., L. Ed. § 47:152; *see also Waffenschmidt v. MacKay*, 763 F.2d 711, 716–17 (5th Cir. 1985) ("Enforcement of an injunction through contempt proceedings must occur in the issuing

3

jurisdiction because contempt is an affront to the court issuing the order.").

**DISCUSSION**

The Arizona court's permanent injunction prohibited defendants from making willful and unauthorized use of certain copyrighted materials. It also warned that, "in the event defendant ComplaintsBoard fails to remove the content that is in violation of the permanent injunction from the website www.complaintsboard.com within seven (7) days of this judgment," then plaintiff would be entitled to "obtain transfer of the registration."

Plaintiff argues that defendants are in violation of the Arizona court's permanent injunction, because defendants are posting copyright-protected material that is licensed to plaintiff. Plaintiff contends that, "[u]nder the terms of the Judgment . . . Xcentric is to obtain transfer of the registration of the Domain Name"; but "[i]n order to effectuate transfer . . . it is necessary for Xcentric to obtain an Order from this Court directing said transfer." Mot. at 3.

Plaintiff's motion does not cite a single court case or statute to explain why it has chosen to come to the Northern District of California for this purpose, or to explain why it is legal or appropriate for this Court to enforce an injunction issued elsewhere. It appears to the Court that plaintiff's motion is really a motion to find that defendants are in contempt of the Arizona court's order, and an effort to effectuate one of the Arizona court's threatened contempt sanctions. *See Dillon Real Estate Co. Inc. v. Am. Nat'l Ins. Co.*, No. CV 08-1508, 2010 WL 4902073 (D. Ariz. Nov. 24, 2010) (making a contempt finding in response to a motion to enforce a preliminary injunction). In order to obtain this relief, plaintiff should file a motion in the Arizona court.[2]

---

[2] Plaintiff concedes that the judgment is not self-executing: "In order to effectuate transfer . . . it is necessary for Xcentric to obtain an Order from [a] Court directing said transfer." Moreover, it appears that the transfer sanction is threatened for *continuing* violations only, and that there is no specific sanction threatened for new violations. Plaintiff avers "that all infringing content was discovered well *after* the Permanent Injunction was put in place." Reply at 4. Thus, it is not clear whether, even if plaintiff's allegations are true, transfer of domain registration is the appropriate sanction. The Court does not make these observations to prejudice plaintiff upon its return to the Arizona court, but only to explain why the Arizona court is in a much better position to enforce its own injunction than is this California court.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to enforce the permanent injunction is DENIED, without prejudice to it being renewed in the Arizona court. (Doc. 28.) Additionally, the Court FINDS that defendants have satisfied the monetary judgment against them and VACATES the order granting a writ of execution. (Doc. 20.)

**IT IS SO ORDERED.**

Dated: March 2, 2011

SUSAN ILLSTON
United States District Judge